## Sam Owens v. The State.

Theft of Estrays — Charge of the Court. — An estray animal is under the protection of the law, and may be the subject of theft if the accused, knowing it to be an estray and its owner unknown, and without compliance with the laws regulating estrays, takes and appropriates it to his own use without the owner's consent and with intent to deprive him of its value. It is no defence that the estray was delivered to the accused by a person who had taken it up but had not estrayed it. See instructions held correct and sufficient on this state of case.

Appeal from the District Court of Houston. Tried below before the Hon. W. D. Wood.

The opinion discloses the case, and sets out the instructions in question.

*Moore & Burnett*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. This appeal is from a judgment of conviction for theft of a gelding named in the indictment to be " the corporal personal property of some person to the grand jurors unknown." On the trial in the District Court, the presiding judge was requested to charge the jury as follows : " If the evidence does not establish the fact that defendant fraudulently obtained the possession of the horse from Allen, and that the horse was in the possession of Allen, then you will acquit the defendant. Theft is a fraudulent taking of personal property from the possession of the owner, and, in order to convict, this fraudulent taking must be proved beyond a reasonable doubt. If the jury believe that Allen had the possession of this horse, and that defendant got the horse from Allen fairly, and with no intent at the time to defraud the owner, you will find the defendant not guilty."

The judge refused these special instructions, and gives the following reason for so doing : " These charges are

refused principally for the reason that they are substantially and in legal effect given in the general charge to the jury." The legal principle intended to be invoked in behalf of the defendant in these special instructions is that embraced in art. 727 of the Penal Code, to the effect that to constitute theft "the taking must be wrongful, so that if the property came into the possession of the person accused of theft, by lawful means, the subsequent appropriation of it is not theft." But this is not the entire article; proceeding from the close of that portion quoted, the remainder of the article is as follows: "but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offence of theft is complete."

Bearing in mind that the prosecution was for the theft of stray property charged to be the property of an unknown owner, we are of opinion the general charge sufficiently charged the jury as to the intent operating on the mind of the defendant at the time he obtained possession of the property, and required the jury to inquire into that intention at the time of the taking, so as to find whether the subsequent appropriation of it would complete the offence of theft or not; there being testimony going to show that the defendant had the animal in his possession and had sold it to another.

On the subject alluded to in the special charges refused, the court gave the jury the following instructions, not, it is true, as a modification of or to supply the place of those refused, but as a part of the law of the case as embraced in the general charge: "If you believe beyond a reasonable doubt from the evidence that the gelding's owner was unknown, and that the defendant knew this fact, and that with this knowledge the defendant took possession of the gelding with the intent to steal him, and, without comply-

ing with the laws regulating estrays, sold said gelding, in such case, if you so find, the defendant is in law guilty as charged in the indictment. If from the evidence you believe the defendant did not know that the owner of the gelding was unknown, and that he bought said gelding from Bob Allen, or that Allen turned him over to him, defendant, and he, defendant, had no knowledge that the owner was unknown, then in such case, if you so find, you will acquit the defendant." And besides giving appropriate instructions on the presumption of innocence and reasonable doubt, the court gave this further charge : " If you believe from all the evidence in this case that the defendant did not intend, by what you find he did in connection with the gelding, to steal said gelding, you will acquit the defendant." The court charged, and properly we believe, to the effect that an estray animal is under the protection of the law, so far as theft is concerned, the same as property whose owner is known.

We are of opinion that the jury were properly instructed as to the law of the case as made by the testimony. There is no other alleged error so presented by the record as to require special notice ; and, finding no material error, the judgment is affirmed.

*Affirmed.*